UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN BISHOP,<br><br>               Plaintiff<br><br>v.<br><br>LARRY COSTA and WORLDWIDE LANGUAGE RESOURCES, INC.,<br><br>               Defendants | Docket No. 07-CV-48-P-S |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff John Bishop brought this action against Defendants Lawrence Costa and Worldwide Language Resources, Inc. alleging claims for slander, libel and defamation (Count I), negligence/negligent misrepresentation (Count II), tortuous interference with beneficial contractual or business relationship (Count III), intentional or negligent infliction of emotional distress (Count IV) and malice (Count V). Now before the Court is Defendants' Motion for Judgment on the Pleadings filed pursuant to Fed. R. Civ. P. 12(c). (Docket # 7.) Plaintiff opposes the motion but, in the alternative, requests that he be permitted to amend his Complaint (Docket # 10). After thoroughly reviewing the Motion, Plaintiff's response and Defendants' reply, the Court will DENY Defendants' Motion and GRANT Plaintiff's request to amend the Complaint.

The essence of Defendants' arguments in the Motion for Judgment on the Pleadings is that Plaintiff's Complaint should be dismissed because it fails to plead the

claims of fraud and defamation with sufficient particularity to satisfy Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). First, the Court notes that Plaintiff's Complaint does not allege a claim for fraud or mistake. Therefore, Defendants' reliance, on cases that specifically address the pleading requirements for fraud claims, is misplaced. See Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985); Wyman v. Prime Discount Securities, 819 F. Supp. 79, 81-2 (D. Me. 1993).

Defendants also assert that Plaintiff's defamation claim must meet the requirements of Rule 9(b). To support this proposition, Defendants principally rely on two cases – Phantom Touring, Inc. v. Affiliated Publications, 953 F.2d 724, 728 (1st Cir. 1992) and Smith v. Heritage Salmon, Inc., 180 F. Supp. 2d 208, 221 (D. Me. 2002). Neither case convinces that Court that a heightened pleading requirement is applicable to a claim for defamation. The complaint in Phantom Touring alleged that six articles published between September 22 and October 7, 1989 were defamatory, and on appeal the Court declined to consider an additional article published on October 13, 1989. In reaching its conclusion that the October 13 article was not properly before them, the Court stated that

> a defendant is entitled to knowledge of the precise language challenged as defamatory, and the plaintiff therefore is limited to its complaint in defining the scope of the alleged defamation. If plaintiff wished to enlarge its case beyond the six articles originally challenged, it should have sought to amend the complaint.

Phantom Touring, 953 F.2d at 728 n.6. In this case, Plaintiff has alleged that the defamatory statement or statements were published by Defendants "on or about January

2

25, 2007" (Complaint ¶ 7) and, at trial, Plaintiff will be limited to that timeframe. However, the above quoted language does not persuade the Court that Plaintiff's defamation claim must comply with the particularity requirements of Rule 9(b). Likewise, Heritage Salmon, 180 F. Supp. 2d 208, does not support the conclusion that defamation must be specifically pled. In Heritage Salmon this Court held that the allegation that defendants' employees discussed the reasons for firing plaintiffs was insufficient, at the summary judgment stage, to satisfy the publication element of defamation. Id. at 221. In that case, the court addressed the sufficiency of the evidence necessary to establish a prima facie case of defamation at the summary judgment stage, rather than the issue presented by the instant motion: whether the claim for defamation has been sufficiently pled. The Heritage Salmon opinion certainly cannot be understood to require that a defamation claim must meet the particularity requirements of Rule 9(b).

Defendants' argument misconstrues the pleading requirements applicable to a defamation claim in federal court. Plaintiff's defamation claim is not subject to the heightened pleading requirements of Rule 9(b). Defamation claims are subject to the more relaxed pleading requirements of Fed. R. Civ. P. 8. See Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 n. 2 (D.C. Cir. 1999) ("Federal Rules of Civil Procedure impose no special pleading requirements for defamation."); Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980) ("pleading defamation is governed by Rule 8, which requires only that [the] plaintiff's charges be set forth in a short and concise statement"); Davidson v. Cao, 211 F. Supp. 2d 264, 276 (D. Mass. 2002); DeSalle v. Key Bank of Southern Maine, 685 F. Supp. 282, 283 (D. Me. 1988) ("defamation claim need only satisfy the Federal Rules of Civil Procedure" which requires a short plain

statement of the claim).  Although it is not necessary for Plaintiff to plead defamation under the requirements of Rule 9(b), the pleadings in a defamation case need to be sufficiently detailed to the extent necessary to enable the defendant to respond.  See McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 955-56 (10th Cir. 1989); Kelly v. Schmidberger, 806 F.2d 44, 45-6 (2d Cir. 1986) (citing Liguori v. Alexander, 495 F. Supp. 641, 647 (S.D.N.Y. 1980) (providing that the complaint must at least give the defendant sufficient notice of the statements complained of to enable the defendant to mount a defense)); Cohlmia v. Ardent Health Services, LLC, 448 F. Supp. 2d 1253, 1268 (N.D. Okla. 2006); Linker v. Custom-Bilt Machinery, Inc., 594 F. Supp. 894, 902 (E.D. Pa. 1984).  In responding to Defendants' Motion, Plaintiff has provided details, which put Defendants on notice of the specific statements that Plaintiff contends amounts to defamation.  Specifically, Plaintiff states that

> on or about January 25, 2007, Defendants caused to be published to third-party individual(s) and agency(ies) [specifically, the Defense Security Service, Industrial Security Field Office, Thomas J. McIntyre Federal Building, 80 Daniel Street, Portsmouth, New Hampshire], including individual(s) and agency(ies) responsible for Plaintiff's security clearance, false and defamatory statements harmful to Plaintiff's business and profession and, otherwise, actionable irrespective of special harm, specifically that Plaintiff had engaged in criminal conduct [specifically, the certain "Incident Report" dated January 25, 2007].

(Plaintiff's Opposition to Motion for Judgment and Motion for Leave to Amend Pleading (Docket # 8) at 2 (bracketed language in original)).  Plaintiff then adds in a footnote "Parenthetically, Plaintiff is not aware of any publication other than the said 'Incident Report' dated January 25, 2007." Id. at n.1.

Defendants argue for the first time in their Reply that "Plaintiff's proposed amendment would be futile because the Defendants have an absolute privilege for

4

statements made to the [Defense Security Service]." The Court is unable to determine from the record whether the proposed amendment to the Complaint would be futile. The Court will, therefore, deny Defendants' Motion for Judgment on the Pleadings.

Accordingly, the Court ORDERS that Defendants' Motion for Judgment on the Pleadings (Docket # 7) be, and it is hereby, DENIED. The Court further ORDERS that Plaintiff's Motion for Leave to Amend Pleading (Docket # 10) be, and it is hereby, GRANTED, and Plaintiff shall file an Amended Complaint, which affords Defendants sufficient notice of the communications complained of to enable them to defend against the action.

/s/ George Z. Singal
George Z. Singal
Chief United States District Judge

Dated at Portland, Maine this 9th day of July, 2007.